> **MCARTHUR LYNCH, JR., Plaintiff, v. ANTWAN D. KENDRICK, et al., Defendants.**
> UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, MIDDLE DIVISION
> 2020 U.S. Dist. LEXIS 238554
> Case No. 4:19-cv-00950-ACA-SGC
> November 2, 2020, Decided
> November 2, 2020, Filed

**Counsel** {2020 U.S. Dist. LEXIS 1}McArthur Lynch, Jr, Plaintiff, Pro se, Bessemer, AL.

**Judges:** STACI G. CORNELIUS, UNITED STATES MAGISTRATE JUDGE.

Opinion

**Opinion by:** STACI G. CORNELIUS

Opinion

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). The plaintiff names the following defendants in the complaint: Antwan D. Kendrick, Dameta J. Baldwin, Willie G. McLemore, LaTonya Y. Scott, Jacob W. Weaver, and Gary Malone. (*Id.* at 3). The plaintiff seeks injunctive relief. (*Id.* at 4). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. See *McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991).

### I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.{2020 U.S. Dist. LEXIS 2} See 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. See *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted

1ykcases                                     1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# GENERAL INFORMATION REGARDING SKIN INFECTIONS

- If you have a skin infection, come to the health care unit to be evaluated. You will <u>NOT</u> be charged a co-pay for this.
- Wash hands often, with soap and water, for at least 15 seconds. Wash them after using the bathroom, before eating and before and after touching any skin wound.
- Shower frequently and put on clean clothes. <u>DO NOT WASH YOUR CLOTHES IN THE SINK!</u>
- Change your bed linens and towels regularly and if soiled.
- Do not share personal items such as razors, soap, towels, wash clothes, clothes and shoes.
- Do not allow anyone other than a healthcare provider to touch a wound. Do not mash or pop bumps!
- Keep wounds covered at all times. If the bandage comes off, report to health care to have another one applied.
- Come to Treatment Call and Pill Call for all ordered medication and wound care.
- If you develop a fever, red streaks from a wound, drainage from a wound or a foul smell from a wound, you need to report to health care immediately.
- Clean your living area often with a mixture of bleach and water.
- <u>DO NOT USE DIRTY NEEDLES!!!!!!!!!!!!!</u>

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face{2020 U.S. Dist. LEXIS 3} of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and is liberally construed. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, it still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

The plaintiff alleges that on February 12, 2019, he was in his cell when Defendant Baldwin was conducting a lockdown. (Doc. 1 at 6). The plaintiff states, "I kind of lay back on my cell and my bed, I felt something moving. I look it up and saw some ants falling down on my bed, look down at inside my pants." (*Id.*). Baldwin told the plaintiff "I am getting you, move it out." (*Id.*). Defendant Malone told the plaintiff he had five minutes to pack up his things in his cell or he would "beat his ass." (*Id.*).

The plaintiff states Defendant Scott told the plaintiff on two separate occasions she did not like him and was going to have Defendant Baldwin say the plaintiff was "playing with his penis." (*Id.* at 4). Defendant Baldwin also told the plaintiff "they would try to get [him] wrote up and try keep [him] in lock up." (*Id.*).

The plaintiff{2020 U.S. Dist. LEXIS 4} alleges that on February 19, 2019, Defendant Kendrick "jump[ed] on me, and beat me up with handcuff[s] on." (*Id.* at 6).

The plaintiff states that on June 17, 2019, Defendant McLemore held a disciplinary hearing. (*Id.* at 3). On the way to the hearing, Defendant Baldwin told Defendant Kendrick that the plaintiff wrote a letter to his classification officer, Ms. Walton, who is not a party to this action. (*Id.*). During the hearing, Defendant McLemore called Walton on the phone to get her testimony. (*Id.*). Walton stated the plaintiff told her in the letter that he wanted to do things to her and she was going to have a baby by the plaintiff after he was released from prison. (*Id.*). The plaintiff states that Walton's statements are lies. (*Id.*).

Defendant Kendrick told the plaintiff he was going to "beat that ass again." (*Id.*). The plaintiff states Defendant Baldwin told the plaintiff that Walton was "too old" for him and the plaintiff "likes kids." (*Id.*). During the hearing, Defendant Kendrick "came up and jump[ed] on me" from the back while the plaintiff had on handcuffs. (*Id.*). The plaintiff asserts Defendant Kendrick kept on punching him and kicked him "on [his] butt." (*Id.*) During the assault, the plaintiff{2020 U.S. Dist. LEXIS 5} was crying he did not write the letter to Walton, while Defendants Baldwin, McLemore, and Scott watched Defendant Kendrick assault the plaintiff. (*Id.*). The plaintiff also complains Defendant Baldwin told other inmates about the plaintiff's disciplinary case. (*Id.*). The plaintiff states Defendant Weaver sat on the disciplinary court. (*Id.* at 4).

The plaintiff states he had a knot on his stomach from being kicked by Defendant Kendrick during one of the assaults. (*Id.* at 5). As to Defendant Malone, the plaintiff states, "Captain Gary Malone let them lie and let them write up people and let them jump on people for nothing." (*Id.* at 4).

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

MEMORANDUM

FROM: C. Johnson, RN, Acting H.S.A.

TO: Inmate Population at Ventress Correctional Facility

DATE: January 28, 2022

SUBJ: Unconscious People or Anyone in Distress

This is to inform you that if you see someone who is unconscious or in medical or mental health distress, you need to notify Security ASAP so that the person can be brought to health care immediately. We in health care are not concerned with getting anyone is trouble for anything! We are concerned with keeping people alive!! There is no benefit in you pouring water or ice on an unconscious person and delaying bringing them to health care, and this could cause death. When you wait to notify Security to have a person who is in distress brought over to health care, you are risking their life. The longer that life saving measures are delayed, the more likely it is that we will not be able to bring that person back. Please, notify Security ASAP if you see someone in distress! Thank you!

## III. Analysis

At the time of the filing of the complaint, the plaintiff was incarcerated at St. Clair Correctional Facility. (Doc. 1 at 1-2). In his complaint under the section entitled "V. Relief," the plaintiff states, "I a[i]n[']t looking for no money." (*Id.* at 4). He further states in his complaint, "I been wanting to go to another prison, but they keep holding me in (lockup)" and "[p]lease send me to another camp." (*Id.* at 2, 6). The Alabama Department of Corrections' website indicates the plaintiff has been transferred to William E. Donaldson Correctional Facility in Bessemer, Alabama.

Given the {2020 U.S. Dist. LEXIS 6} plaintiff's complaint and his transfer, the court ordered the plaintiff to show cause why his case should not be dismissed since he has received the relief he requested. (Doc. 9). The plaintiff responded and reiterated the allegations in his complaint. However, the plaintiff fails to explain why this action should not be dismissed as moot since he has received the relief he requested in his complaint, i.e., a transfer. (Doc. 10).

"Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).

Thus, "[t]he general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011) (citing *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam)); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that once the plaintiff was transferred to another facility, "his claims for injunctive and declaratory relief relating to the conditions of his administrative {2020 U.S. Dist. LEXIS 7} segregation . . . no longer presented a case or controversy"). Accordingly, this case is due to be dismissed as moot.1

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence {2020 U.S. Dist. LEXIS 8} of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## AMERICANS WITH DISABILITIES ACT
### INMATE NOTICE

If you have a disability as defined by the ADA you may request a reasonable accommodation to facilitate access to buildings, programs, activities and other events within a correctional facility, work release or community work center.

Request for Accommodation Form can be requested from your Facility ADA Coordinator, Shift Commander's office or the Law Library (provided the facility maintains a Law Library). If you need assistance completing this form the Facility ADA Coordinator can assist you.

Andrea Collins

Mrs. J. Caffie

Interim ADA Coordinators

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 2nd day of November, 2020.

/s/ Staci G. Cornelius

STACI G. CORNELIUS

U.S. MAGISTRATE JUDGE

### Footnotes

1

The plaintiff also stated in his response to the court's Order to Show Cause, "I been trying get back in court. I been trying to get out of prison to help take care of my son." (Doc. 10 at 1). To the extent the plaintiff requests immediate release, it is well settled that a prisoner who challenges the "fact or duration" of his confinement and seeks immediate or speedier release, may only do so by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Please be advised that there is a ADOC Regulation that covers PED's (Inmate Tablets) AR 458 - Personal Education Device.

As per AR 458 -

Section V. PROCEDURES – GENERAL PROVISIONS

B. PED Restrictions: Use of the PED is a privilege, not a right. PEDs are subject to restriction due to special circumstances (e.g. escape, disturbance, emergency, etc.). 1. Abuse or inappropriate use of PEDs may result in disciplinary action, including permanent loss of privilege. 2. Behavior Modifications/ Restrictions, as defined by this AR, may be utilized for punitive reasons.