# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MCARTHUR LYNCH, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:24-cv-00189-ACA-SGC |
| ) | |
| **ATTORNEY GENERAL STEVE** ) | |
| **MARSHALL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge entered a report on December 18, 2024, recommending the court dismiss Plaintiff McArthur Lynch Jr.'s federal claims for failure to state a claim upon which relief can be granted and decline to exercise supplemental jurisdiction over any potential state law claims. (Doc. 12).[1] Mr. Lynch filed two responses to the report and recommendation which the court construes as an objection that the court failed to account for his allegations that Lieutenant Mohammed Jenkins pepper sprayed him. (Docs. 13, 14). The court **SUSTAINS** that objection. Mr. Lynch does not object to any other finding or recommendation, so the court **ADOPTS IN PART** the magistrate judge's report **AND ACCEPTS** all recommendations except those regarding Mr. Lynch's excessive force claim against

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Lt. Jenkins. Accordingly, the court **WILL DISMISS** all of Mr. Lynch's claims against Defendants Attorney General Steve Marshall, Commissioner John Hamm, Warden Morgan, Captain Deaundra Johnson, and Officer Mask. The court **DECLINES TO ADOPT** the part of the report finding that Mr. Lynch failed to allege a claim against Lt. Jenkins in his individual capacity for Eighth Amendment excessive force under 42 U.S.C. § 1983 and **REJECTS** the recommendation to dismiss that claim. The court **WILL DISMISS** all other claims against Lt. Jenkins except for Mr. Lynch's Eighth Amendment excessive force claim against Lt. Jenkins in his individual capacity under 42 U.S.C. § 1983.

I.      BACKGROUND

Mr. Lynch brings claims arising from a February 2022 incident at William E. Donaldson Correctional Facility ("Donaldson"). (Doc. 12 at 3–7). Mr. Lynch alleges that in February 2022, Lt. Jenkins assaulted Mr. Lynch's cellmate, Victor Russo. (Doc. 1 at 5). Lt. Jenkins pepper sprayed both Mr. Russo and Mr. Lynch during this assault. Mr. Lynch asserts he was traumatized by Lt. Jenkins's assault on Mr. Russo and has required mental health treatment as a result. (Doc. 1 at 5, 7). He complains that Lt. Jenkins received only seven years in prison for his assault on Mr. Russo. (*Id.* at 7).

Mr. Lynch filed this action on February 14, 2024 against Lt. Jenkins, Attorney General Steve Marshall, Alabama Department of Corrections ("ADOC")

Commissioner John Hamm, Warden Morgan, Captain Deaundra Johnson, and Correctional Officer Mask. (Doc. 1 at 2–3).[2] Mr. Lynch alleges the defendants demonstrated deliberate indifference to excessive inmate violence in violation of his and Mr. Russo's rights under both the United States and Alabama Constitutions. (Doc. 1 at 3–4). He asks the court to award him $960,000 in money damages and states he would like to help Mr. Russo's family. (*Id.* at 5, 7).

After conducting the initial review required by 28 U.S.C. § 1915A, the magistrate judge recommended the court dismiss Mr. Lynch's complaint. (Doc. 12). First, the magistrate judge recommended the court dismiss all official capacity claims against Attorney General Marshall, Commissioner Hamm, Warden Morgan, and Lt. Jenkins because Mr. Lynch impermissibly seeks money damages, rather than injunctive relief, against these defendants. (*Id.* at 7). Second, to the extent Mr. Lynch made individual capacity claims against Captain. Johnson and Officer Mask, those claims are due to be dismissed because Mr. Lynch's complaint contains insufficient detail about the conduct in which those defendants engaged. (*Id.* at 7–12). Finally, the magistrate judge recommended dismissal of any claims under the Alabama

---

[2] Pursuant to the "prison mailbox rule," a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date it is executed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). While the docket sheet indicates the complaint was filed on February 16, 2024, it is deemed filed on February 14, 2024, the day Lynch executed his complaint. (Doc. 1 at 12).

3

Constitution because (1) Mr. Lynch merely references but does not identify a specific violation or facts supporting said violation; (2) any violations of the Alabama Constitution would not be actionable under § 1983. (*Id*. at 13). Mr. Lynch did not object to these findings and after careful review, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendations for these claims.

The magistrate judge's report and recommendation also construes Mr. Lynch's complaint to allege claims against defendants in their individual capacity. (Doc. 12 at 7–12). The magistrate judge recommended dismissal of Mr. Lynch's Fourteenth Amendment claim because Mr. Lynch simply asserts, without any factual detail, that the defendants violated the due process clause. (*Id*. at 12). The magistrate judge also recommended dismissal of Mr. Lynch's Eighth Amendment claim for excessive inmate violence because Mr. Lynch's complaint does not contain allegations regarding excessive inmate violence, suggest the conditions of his confinement posed a substantial risk of serious harm to him, or allege the defendants were deliberately indifferent to a substantial risk of serious harm. (*Id*. at 8–9). Instead, the magistrate judge concluded the court should construe Mr. Lynch's complaint as attempting to state a claim for excessive force in violation of the Eight Amendment. (Doc. 12 at 9).

The magistrate judge recommended dismissal of the excessive force claim because the complaint focuses on Lt. Jenkins's conduct toward Mr. Russo. (*Id*. at 9–

12). The magistrate judge noted the complaint suggests Mr. Lynch may have suffered from the presence of pepper spray on Mr. Russo once Mr. Russo returned to their cell, but concluded the complaint contained insufficient allegations for the court to infer that Lt. Jenkins acted maliciously or sadistically to cause harm to Mr. Lynch. (*Id.*)

On December 30, 2024, and January 13, 2025, the court received two substantially similar filings from Mr. Lynch. (Docs. 13, 14). The court construes these filings as an objection to the report and recommendation. Mr. Lynch's objection relates to his allegation that Lt. Jenkin pepper sprayed him, a fact the magistrate judge did not consider in her report. (*See* doc. 13 at 6). Mr. Lynch does not otherwise address the magistrate judge's recommendations, but he does request the court appoint him counsel. (*Id.* at 10).

## II.     DISCUSSION

Mr. Lynch's complaint alleges that Lt. Jenkins pepper sprayed him. (*See* doc. 1 at 7, 8; *see also* doc. 13 at 6; doc. 14 at 5). Construed liberally, Mr. Lynch alleges that Lt. Jenkins sprayed him with pepper spray without a valid penological reason. (Doc. 1 at 7). This adequately states an Eighth Amendment claim for excessive force. *See Thomas v. Bryant*, 614 F.3d 1288, 1301–11 (11th Cir. 2010) (holding the unnecessary use of chemical agents, without penological justification or for the very purpose of punishment or harm, satisfies the Eighth Amendment's objective harm

requirement). Accordingly, the court will not adopt the magistrate judge's report and accept her recommendation with respect Mr. Lynch's claim of excessive force against Lt. Jenkins in his individual capacity.

Mr. Lynch also requests the appointment of counsel. (Doc. 13 at 10). There is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, the appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as novel or complex litigation. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014). The claims in this action are not novel or complex, and Mr. Lynch has not shown how the litigation otherwise justifies appointed counsel at this time. Accordingly, the motion for appointment of counsel will be denied.

### III.    CONCLUSION

After careful consideration of the record in this case, including the magistrate judge's report and recommendation and Mr. Lynch's objections, the court **ADOPTS IN PART** the magistrate judge's report and **ACCEPTS** her recommendations except with respect to Mr. Lynch's excessive force claim against Lt. Jenkins in his individual capacity. Consistent with those recommendations and the reasoning set forth above, the court **WILL DISMISS** all of Mr. Lynch's claims against Attorney General Marshall, Commissioner Hamm, Warden Morgan, Captain Johnson, and

Officer Mask. The court **WILL DISMISS** all claims against Lt. Jenkins except for Mr. Lynch's Eighth Amendment excessive force claim against Lt. Jenkins in his individual capacity under 42 U.S.C. § 1983. The court **DECLINES TO ADOPT** the part of the report finding that Mr. Lynch failed to allege a claim against Lt. Jenkins for Eighth Amendment excessive force under 42 U.S.C. § 1983 and **REJECTS** the recommendation to dismiss that claim. That claim will proceed, and the court **WILL ORDER** that it is referred to the magistrate judge for further proceedings. Mr. Lynch's motion for appointment of counsel is **DENIED**. (Doc. 13).

      **DONE** and **ORDERED** this May 27, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE